John Joseph VACCARO,
Plaintiff–Appellant,

v.

Jon DOBRE, Superintendent, FPC Nellis, Emma Mitchell, Director, Western Regional Medical, Federal Bureau of Prisons; John Trettin, M.D., Contract Physician, FCI, Lompoc; Eric Krupp, Foreman, FPC Nellis; Randy Torix, Correctional Officer, FPC Nellis; R. Biggs, Correctional Officer, FPC Nellis, Defendants–Appellees.

No. 95–15970.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 1996. *

Decided April 12, 1996.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Craig K. Perry, SCRO & Perry, Ltd., Las Vegas, Nevada, for the plaintiff-appellant.

Ruth L. Cohen, Assistant United States Attorney, Las Vegas, Nevada, for the federal defendants-appellees.

Lauren John Udden, Bauer, Harris & McEvoy, Santa Barbara, California, for defendant-appellee Trettin.

Lynn M. Hansen, Jimmerson, Davis & Santoro, Las Vegas, Nevada, for defendant-appellee Trettin.

** The Honorable Stephen V. Wilson, United States District Judge for the District of California, sitting by designation.

Before: THOMPSON and KLEINFELD, Circuit Judges, and WILSON, District Judge.**

KLEINFELD, Circuit Judge:

The issue in this case is whether, in a *Bivens* action, the plaintiff must serve the government as well as the individual defendants. We conclude that he need not.

## FACTS

According to the complaint, Vaccaro was a minimum security prisoner at a prison camp. His medical record in his federal Bureau of Prisons medical file said that he suffered from spina bifida, a congenital defect of his lower back requiring restricted activities. All relevant defendants, according to the complaint, were aware of his restricted duty status on account of his congenital spinal deformity. Despite this knowledge, Vaccaro was repeatedly required to obey orders which caused injuries to his lower back. First, according to the complaint, he was ordered to lift and hang 4' × 12' sheet rock panels, which injured him. Then he was required to remove turf from a baseball diamond with a shovel and rake, and again injured his back. Vaccaro was then assigned to work detail for malingerers and, despite herniation of three discs after the second injury, was required to move pieces of furniture weighing more than 100 pounds up and down stairs and between buildings. Then, despite a liberal custody regime allowing him to leave the unfenced prison camp freely, he was transported in leg irons and chains, further aggravating his back injury.

Surgery was performed on one of the ruptured discs, but allegedly was delayed and inadequate because of budgetary concerns, and proper post-surgery treatment was de-

nied. Vaccaro then suffered a heart attack and underwent triple bypass coronary surgery, but he was denied the opportunity to have follow-up examinations and was denied prescribed medicine. After all this, he alleged he was ordered to mop a floor, despite his inability to lift the mop bucket from the utility sink, and threatened with discipline when he refused. He was then left with no attending physician after his assigned physician resigned or was dismissed.

Vaccaro claimed that these acts violated his constitutional rights to be free from cruel and unusual punishment under the Eighth Amendment and were arbitrary and capricious in violation of the Fifth Amendment. The truth of these averments has not been tested and is not at issue in this appeal.

The complaint was served on the correctional officers and physicians named as defendants, but it was not served on the United States. The United States filed an answer on behalf of the "federal defendants," asserting lack of personal jurisdiction over the individuals because of this failure to serve the government. Vaccaro never did serve the United States Attorney and Attorney General, as would have been necessary for service on the government. The district court dismissed the case for lack of personal jurisdiction. By the time of the dismissal, the 120 day period for service under Federal Rule of Civil Procedure 4 had expired.[1]

## ANALYSIS

The case was dismissed on a legal ground, and no facts were in dispute, so we review the issue of personal jurisdiction *de novo*. *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1390 (9th Cir.1995). Likewise, we review the government's alternative argument regarding subject matter jurisdiction *de novo*. *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir.1995).

### A. *Service of Process.*

Plaintiff did not serve the United States Attorney and the Attorney General as required for service "upon the United States," Fed.R.Civ.P. in 4(d)(4) (1987), Fed.R.Civ.P. 4(i)(1) (1993), or for service upon a federal officer in his or her official capacity. Fed. R.Civ.P. 4(d)(5)(1987), Fed.R.Civ.P. 4(i)(2)(1993). But he did not sue the United States, and sued its officers as individuals, not in their official capacity. As we explain below, a *Bivens* action is, by definition, against defendants in their individual and not their official capacity.

The complaint says that it is a *"Bivens* action for money damages only."* It lists only individuals as defendants, and says in its introductory language that plaintiff "requests money damages only." There is a paragraph prior to the prayer which says plaintiff has no adequate remedy at law and will continue to be irreparably harmed unless the court grants the injunctive relief which plaintiff seeks. In his prayer, however, Vaccaro seeks no injunctive relief at all. The prayer seeks a declaratory judgment that the defendants violated plaintiff's constitutional rights, but he apparently wants such relief only as a predicate for recovery of money damages, since no prospective relief is sought.

In *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held that an action for money damages may be brought against federal agents acting under color of their authority for injuries caused by their unconstitutional conduct. We read Vaccaro's complaint as one under *Bivens* seeking nothing but a remedy at law-money damages-against the named individual defendants. We have no occasion to decide questions which might arise had the plaintiffs sought an injunction or money damages against the United States.

---

1. This action was filed in 1992. Federal Rule of Civil Procedure 4 was amended in 1993. We need not parse which parts of the rule might have applied to which aspects of the case, because there is no material difference for purposes of the issues before us in this case between the 1987 and 1993 versions.

The 1987 version put the 120 day time limit for service at subsection j, the 1993 version at sub- section m. The relevant provision for service upon individuals has been moved from Fed. R.Civ.P. 4(d)(1) to Fed.R.Civ.P. 4(e), and the relevant provision for service upon the United States and its officers has been moved from Fed. R.Civ.P. 4(d)(4) and 4(d)(5) to Fed.R.Civ.P. 4(i)(1) and 4(i)(2).

■ In *Puett v. Blandford,* 912 F.2d 270, 275 (9th Cir.1990), we expressly left open the question whether service upon the United States is necessary in a *Bivens* action. The Second Circuit has held that it is not, on the theory that a *Bivens* action is against federal officials in their individual capacities, not in their official capacities, and is not an action against the government. *Armstrong v. Sears,* 33 F.3d 182 (2d Cir.1994). The Sixth Circuit has said that in a *Bivens* action, the United States must be served as well as the individual defendants. *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F.2d 113, 116 (6th Cir.1988). The issue in the Sixth Circuit case, however, was whether personal service on individual *Bivens* defendants was necessary, not whether the United States had to be served, so the statement that the United States had to be served is dictum. We agree with the Second Circuit.

We considered the converse of the question now before us in *Daly–Murphy v. Winston,* 837 F.2d 348 (9th Cir.1987). The plaintiff had served the federal *Bivens* defendants in the proper manner for suit against officers of the United States in their official capacity, but had not properly served them as individuals. We held that "the failure to perfect individual service is fatal to appellants' *Bivens* action against the named defendants." *Id.* at 355. The reason was "a *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Id.*

This proposition which controlled *Daly–Murphy,* that "a *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity," determines the result in the case at bar. This was a *Bivens* action, so the defendants were sued only as individuals. Because Vaccaro did not and could not have sued the United States or its officers in their official capacity upon a *Bivens* claim, it necessarily follows that he did not have to serve the United States.

### B. *Prison Inmates' Remedies.*

■ The United States argues that a prisoner's exclusive remedy for prison work injuries is under 18 U.S.C. § 4126. That statute authorizes the Federal Prison Industries Fund to pay "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). This is a prisoner's exclusive remedy against the United States for work related injuries and bars a prisoner from suit under the Federal Tort Claims Act for work related injuries. *United States v. Demko,* 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966). The federal defendants argue that even if we do not affirm on the ground of lack of personal jurisdiction because of defective service, we should affirm the dismissal for lack of subject matter jurisdiction under this exclusive remedy provision. *See Polich v. Burlington Northern, Inc.,* 942 F.2d 1467, 1470 (9th Cir.1991).

■ *Demko* establishes that 18 U.S.C. § 4126 is the exclusive remedy "against the Government." *Id.* at 150, 87 S.Ct. at 383. Vaccaro's *Bivens* action is not against the government. "An individual may not maintain a *Bivens* action for monetary damages against the United States." *Daly–Murphy,* 837 F.2d at 356. Also, the theories as well as the defendants in section 4126 claims and in *Bivens* actions are different. No violation of constitutional rights is required for a section 4126 claim, and no prison work related injury is necessary for a *Bivens* claim. We agree with the Seventh Circuit that 18 U.S.C. § 4126 "does not preclude *Bivens* suits against prison officials." *Bagola v. Kindt,* 39 F.3d 779, 780 (7th Cir.1994). Accordingly, the dismissal cannot be affirmed on the basis of that statute and *Demko.*

### C. *Dr. Trettin.*

Another defendant, Dr. Trettin, made a separate motion to dismiss alleging *inter alia* that he had never been personally served. Plaintiff never responded to Dr. Trettin's separate motion and the district court apparently treated both motions for dismissal as one. Without stating separate reasons, the district court dismissed the claims against Dr. Trettin.

■ Dr. Trettin is a private physician who operated on Vaccaro. He was not a prison official. Therefore, the erroneous ground on

which the other claims were dismissed could not have applied to Dr. Trettin's claim. Nor can the dismissal of Vaccaro's claim against Dr. Trettin be upheld on the ground urged in Dr. Trettin's motion. Dr. Trettin submitted an affidavit claiming lack of personal service, but there is a sworn return of service to the contrary. The district court did not make a finding on the disputed fact of whether Dr. Trettin was personally served, so we cannot affirm the dismissal as to Dr. Trettin. Accordingly, the dismissal of Vaccaro's claims against Dr. Trettin must be vacated.

## CONCLUSION

The order and judgment dismissing plaintiff's claims against the federal defendants and Dr. Trettin for failure to serve the government, or serve them in their official capacity, is VACATED, the judgment REVERSED, and the case is REMANDED for further proceedings.