103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leroy ANDERSON, Lance Leon Anderson, and Christopher Lee
Anderson Plaintiffs-Appellants,
v.
LAS VEGAS TRIBE OF PAIUTE INDIANS, Las Vegas Paiute Tribal
Council, Alfreda Mitre, Kenny Anderson, Tonia Carter, Marla
Pete, Larry Pete, Jeanette Anderson Hart, Gerald Frye,
Lawanna Ramos, Carol Patrick, and Norman Harris,
individually and in their capacity as Tribal Council
members, Las Vegas Tribal Court of Paiute Indians, Robert J.
Lyttle, Does I through XX and Roe Corporations I through XX,
Defendants-Appellees.
 No. 95-16161.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1996.
Decided Dec. 6, 1996.
 
 Before: FLETCHER, FARRIS, and TASHIMA, Circuit Judge.
 
 
 1
 MEMORANDUM*
 
 MEMORANDUM
 
 2
 Leroy Anderson and his sons, Lance and Christopher, (collectively, "Andersons") appeal from the district court's dismissal of their civil rights action against the Las Vegas Tribe of Paiute Indians and several of its officials (collectively, "Tribe"). The Andersons' claims arise out of the Tribe's denial of their membership applications. The Tribe has not waived its sovereign immunity to suit in federal court. The district court therefore lacked jurisdiction and we affirm.
 
 I. BACKGROUND
 
 3
 The Andersons applied for membership in the Las Vegas Tribe of Paiute Indians on February 13, 1992. They meet the blood quantum requirement for membership in the Tribe.[1] The Tribe took no action on the Andersons' applications for several months. The Andersons sued the Tribe in Tribal Court, seeking review and approval of their membership applications. After a hearing ordered by the Tribal Court, the Tribal Council denied the Andersons' applications. The Tribe then moved the Tribal Court to dismiss the Anderson's tribal lawsuit. On October 29, 1993, Tribal Judge Anthony F. Lyttle dismissed the suit, finding that sovereign immunity barred the Tribal Court from exercising jurisdiction over the Tribe.
 
 
 4
 On January 17, 1995, the Andersons filed suit in the United States District Court for the District of Nevada, alleging that the Tribe, the Council, and Judge Lyttle had conspired to deprive the Andersons of due process and equal protection by denying their membership applications, thereby violating the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1302, and various federal civil rights statutes. The Tribe moved to dismiss the Andersons' suit. On June 2, 1995, the district court granted the Tribe's motion to dismiss, finding that sovereign immunity deprived the court of jurisdiction over the Tribe and that the Andersons had failed to state any claim for which relief could be granted. This appeal followed.
 
 II. STANDARD OF REVIEW
 
 5
 We review de novo the district court's conclusion that it lacks jurisdiction. Wilson v. A.H. Belo Corp., 87 F.3d 393, 396 (9th Cir.1996); Vaccaro v. Dobre, 81 F.3d 854, 856 (9th Cir.1996). We also review de novo the legal question of whether an Indian tribe possesses sovereign immunity. United States v. James, 980 F.2d 1314, 1319 (9th Cir.1992), cert. denied, 510 U.S. 838 (1993). Finally, we review de novo the district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995).
 
 III. DISCUSSION
 
 6
 Indian tribes are sovereign powers and possess sovereign immunity from suit. Puyallup Tribe v. Washington Dep't of Game, 433 U.S. 165, 172-73 (1977); Turner v. United States, 248 U.S. 354, 358 (1919). Accordingly, the federal courts may exercise jurisdiction over the Tribe only if the Tribe unequivocally has waived its immunity from suit or Congress has done so through legislation. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978). In Santa Clara Pueblo, the Supreme Court held that in the absence of an express statement by the tribe or Congress to the contrary, "suits against the tribe under the ICRA are barred by its sovereign immunity from suit." Id. at 59.
 
 
 7
 The Tribe has not consented to suit in federal court. Congress has not amended the ICRA to overrule Santa Clara Pueblo. Thus, no basis exists for the federal courts to "interfer[e] with tribal autonomy and self-government" by exercising jurisdiction over the Tribe. Id. Sovereign immunity is not a discretionary doctrine. It is the sovereign's right and an absolute bar to suit. Chemehuevi Indian Tribe v. California State Bd. of Equalization, 757 F.2d 1047, 1052 n. 6 (9th Cir.), rev'd in part on other grounds, 474 U.S. 9 (1985); California v. Quechan Tribe, 595 F.2d 1153, 1155 (9th Cir.1979). The district court lacked jurisdiction over the Tribe.
 
 
 8
 Tribal officials acting in their official capacities and within the scope of their authority share the Tribe's sovereign immunity. Imperial Granite Co. v. Pala Tribe of Mission Indians, 940 F.2d 1269, 1271 (9th Cir.1991). Although the Andersons purported to sue the various defendants in their individual and official capacities, the complaint alleged that the defendants acted at all relevant times within the scope of their official duties. Sovereign immunity therefore bars suit against the defendant officials as well as the Tribe itself and the district court properly held that it lacked jurisdiction over the officials.
 
 
 9
 Sovereign immunity does not shield from suit government officials who commit unconstitutional acts. See, e.g., Ex Parte Young, 209 U.S. 123, 158 (1908); Coeur d'Alene Tribe of Idaho v. Idaho, 42 F.3d 1244, 1251 (9th Cir.1994) ("any action on the part of state officials that violates federal law cannot be attributed to the state."). However, tribal officials are not bound by those provisions of the U.S. Constitution that limit federal or state authority. Santa Clara Pueblo, 436 U.S. at 56. Thus, even if the officials acted outside their authority and discriminated against the Andersons, the Andersons' due process and equal protection claims can arise only under the ICRA.
 
 
 10
 The only relief available in federal court under the ICRA is habeas corpus. Santa Clara Pueblo, 436 U.S. at 61; Trans-Canada Enterprises, Ltd. v. Muckleshoot Indian Tribe, 634 F.2d 474, 476 (9th Cir.1980) ("Even though the Indian Civil Rights Act imposes a form of due process limitation upon Indian tribes ... the sole remedy for such a violation ... is federal habeas relief"), cert. granted, 116 S.Ct. 1415, and cert. denied, 116 S.Ct. 1416 (1996). The Andersons do not seek habeas relief and therefore fail to state a claim for which relief can be granted in federal court.
 
 IV. CONCLUSION
 
 11
 We do not now decide whether the Andersons have or have not been treated unfairly in tribal forums. We hold only that the Tribe's sovereign immunity precludes consideration of the Andersons' claims. The district court properly dismissed all of the Andersons' claims.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Tribal Constitution provides that the membership of the Tribe
 shall include all persons with at least 1/4 degree Paiute Indian blood whose names appear on the official census of the Las Vegas Indian Colony dated January 1, 1940, and the descendants of these persons who possess at least 1/4 degree Paiute Indian blood; provided, that they are not enrolled or affiliated with another Indian tribe or group.
 Las Vegas Paiute Tribal Constitution, Art. III, § 1.