103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George ARSHAL, Plaintiff-Appellant,
v.
John H. DALTON, Secretary of the Navy; Janet Reno, Attorney
General of the United States; Joseph A. Hill, Attorney,
Department of Justice; Frank G. Nieman, Attorney,
Department of Navy; Charles D.B. Curry, Attorney,
Department of Navy, Defendants-Appellees,
and
Francis C. Browne, Administrative Judge in the former United
States Court of Claims; the Law Clerk of said
Administrative Judge in the period including Feb. 7-8, 1979;
Daniel M. Friedman, Chief Judge of the former Court of
Claims; and Oscar H. Davis, Philip Nichols Jr., Shiro
Kashiwa, Robert L. Kunzig, Marion T. Bennett, and Edward S.
Smith, Judges of the former Court of Claims, Defendants.
 No. 96-35400.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 06, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Arshal appeals pro se the district court's dismissal of his Bivens[1] complaint against the Secretary of the Navy, the Attorney General of the United States, an attorney from the Department of Justice, two Navy attorneys, an administrative law judge of the former Court of Claims, a law clerk, and seven judges of what is now the Court of Appeals for the Federal Circuit for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Arshal alleged that the defendants violated his Fifth Amendment due process rights when the Navy used his invention without authorization and the Court of Claims denied his resulting patent infringement action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Arshal contends that the district court erred by dismissing his complaint (1) for lack of subject matter jurisdiction because the defendants are not entitled to sovereign immunity, and (2) for lack of personal jurisdiction because he has not named the defendants in their individual capacities and is therefore entitled to the nationwide venue and service of process provisions of 28 U.S.C. § 1391(e). These contentions lack merit.
 
 
 4
 We review de novo both a district court's dismissal for lack of subject matter jurisdiction and a district court's dismissal for lack of personal jurisdiction. Vaccaro v. Dobre, 81 F.3d 854, 856 (9th Cir.1996). Venue determinations are questions of law reviewed de novo. Hooker v. Department of Health & Human Servs., 858 F.2d 525, 528 n. 2 (9th Cir.1988). The district court's decision to transfer or dismiss an action due to improper venue, however, is reviewed for abuse of discretion. King v. Russell, 963 F.2d 1301, 1304 (9th Cir.1992), cert. denied, 507 U.S. 913 (1993).
 
 
 5
 First, the United States is immune from suit unless it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). The sovereign immunity bar cannot be avoided by naming officers and employees of the United States as defendants. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985).
 
 
 6
 Here, Arshal repeatedly asserts that this action is "in essence against the United States" and that "the named defendants are nominal defendants who transgressed their official capacity." Because Arshal's suit is essentially against the United States and because he has not named an express statutory consent to sue, the district court did not err by dismissing his complaint against the defendants in their official capacities for lack of subject matter jurisdiction. See Vaccaro, 81 F.3d at 856; Gilbert, 756 F.2d at 1458.
 
 
 7
 Second, when a plaintiff brings a damages action against federal officials in their individual capacities, the plaintiff must effect personal service. Johnston v. Horne, 875 F.2d 1415, 1424 (9th Cir.1989). Rule 4(e)(2) requires a plaintiff personally to serve the summons and complaint on the individual defendants or their agents. See Fed.R.Civ.P. 4(e)(2).
 
 
 8
 Here, Arshal attempted to serve some of the defendants by certified mail. Because he did not serve them according to Fed.R.Civ.P. 4(e)(2), the district court did not err by dismissing his complaint for lack of personal jurisdiction. See Vaccaro, 81 F.3d at 856; Johnston, 875 F.2d at 1424.[2]
 
 
 9
 Third, 28 U.S.C. § 1391(e) permits a plaintiff to bring an action which is "essentially against the government" locally rather than in the District of Columbia. Gilbert, 756 F.2d at 1460. To the extent Arshal is suing the defendants in their individual capacities, his reliance on section 1391(e) is misplaced because that section only applies when the defendants are sued in their official capacities or under color of legal authority. Id. Accordingly, the district court did not err by dismissing the complaint for lack of venue. See Hooker, 858 F.2d at 528 n. 2.
 
 
 10
 Last, the district court may either dismiss an action if it is filed in the wrong district, or, in the interest of justice, transfer the action to any district in which it could have been brought. See 28 U.S.C. § 1406(a). Whether a transfer is in the interest of justice is a matter committed to the discretion of the district court. Oaks of Woodlake Phase III, Ltd. v. Hall, Bayoutree Assocs., Ltd. (In re Hall, Bayoutree, Assocs., Ltd.), 939 F.2d 802, 806 (9th Cir.1991).
 
 
 11
 Here, two reasons support the district court's dismissal of the action. First, judges and those performing judge-like functions are absolutely immune from civil liability for acts committed in their judicial capacities. Moore v. Brewster, 96 F.3d 1240, 1243-45 (9th Cir.1996); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). Second, Bivens actions are governed by the personal injury statute of limitations for the state in which the district sits. Matthews v. Macanas, 990 F.2d 467, 468 (9th Cir.1993). Washington's statute of limitations for Bivens actions is three years. Johnston, 875 F.2d at 1424. Because the injury Arshal complains of occurred in 1980 and he did not file his complaint until 1995, Arshal's action is time-barred. See id.[3] Accordingly, the district court did not abuse its discretion by dismissing Arshal's action. See King, 963 F.2d at 1304.
 
 AFFIRMED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)
 
 
 [2]
 Although Fed.R.Civ.P. 4(e)(1) allows service of process pursuant to the law of the state in which the district court is located, Washington state does not permit service of process by certified mail. See Wash.Rev.Code § 4.28.080
 
 
 [3]
 Arshal's action would be similarly barred if he brought it in the District of Columbia. See Matthews, 990 F.2d at 468; Hobson v. Wilson, 737 F.2d 1, 32 n. 99 (D.C.Cir.1984) (holding that the District of Columbia's statute of limitations for Bivens actions is three years), cert. denied, 470 U.S. 1084 (1985)
 
 
 [4]
 We have considered Arshal's additional contentions and find them to be without merit