**Maurice A. MAYBEN Jr., Plaintiff,**

v.

**Stephen P. BARNES, Defendants**

**No. CV F 03–5393 AWI LJO.**

United States District Court,
E.D. California.

Aug. 15, 2003.

1170

Maurice Mayben, Henderson, CA, Pro se.

Youngna Lee, Trail Attorney, Tax Division, U.S. Dept. of Justice, Washington, DC, for Defendant.

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO DISMISS**

ISHII, District Judge.

Maurice A. Mayben Jr. ("Plaintiff") brings this civil rights action against Stephen P. Barnes ("Defendant"), an employee of the Internal Revenue Service (IRS), for the violation of Plaintiff's Fifth Amendment due process rights pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Pending before the court is Defendant's motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim for which relief may be granted. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PROCEDURAL HISTORY

On March 31, 2003, Plaintiff filed a *Bivens* action against Defendant for taking Plaintiff's property without due process of law, thereby violating Plaintiff's Fifth Amendment rights. Plaintiff seeks monetary relief in the amount of $134,189.73 and injunctive relief. Defendant filed a motion to dismiss on June 30, 2003, pursuant to Rule 12(b)(6), 12(b)(1) and 12(b)(5) of the Federal Rules of Civil Procedure. In addition, Defendant seeks dismissal of Plaintiff's request for injunctive relief and seeks dismissal of this action because this court has no jurisdiction over Plaintiff's refund claim. Plaintiff failed to file an opposition to Defendant's motion to dismiss and this court issued an order to take the matter under submission on July 28, 2003.

## FACTUAL ALLEGATIONS

The complaint alleges that on or about April 12, 2002, Defendant in his capacity as an employee of the Internal Revenue Service ("IRS"), sent a letter to Plaintiff's employer, American Airlines, directing American Airlines to disregard Plaintiff's W–4 withholdings certificate and to withhold from Plaintiff's earnings at the maximum rate. The letter indicated that "employers who did not deduct or withhold the proper amount of tax from their employees may be required to pay the tax themselves." The complaint alleges that on May 25, 2002, American Airlines began withholding the requested amount from Plaintiff's paycheck and Plaintiff has sustained increasing damages ever since.

The complaint alleges that Plaintiff wrote or telephoned Defendant on several occasions regarding the withholding of Plaintiff's funds for tax purposes and demanded the revocation of the letter to American Airlines. The complaint alleges that Defendant refused to correct his wrongful actions and, as a result, "negligently misappl[ied] federal law and federal regulations, and caused the taking of Plaintiff's property without due process of law...violating Plaintiff's constitutionally-protected fifth amendment right to due process."

## LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1988). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404, reh'g denied, 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969).

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). The plaintiff has the burden to establish

that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Fed. R.Civ.P. 8(a)(1). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. *Thornhill Publ'g Co. v. General Tel. Elec.,* 594 F.2d 730, 733 (9th Cir.1979); *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977); *Cervantez v. Sullivan,* 719 F.Supp. 899, 903 (E.D.Cal.1989), *rev'd on other grounds,* 963 F.2d 229 (9th Cir.1992). A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. *Mortensen,* 549 F.2d at 891. In such a case, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989); *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir.1987); *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983).

## DISCUSSION

■ Defendant contends that this action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief may be granted. Defendant argues that a *Bivens* action may only be maintained if a plaintiff alleges that a federal employee, named as the defendant in his individual capacity, violated the plaintiff's Constitution rights. Defendant argues that this action cannot be maintained under *Bivens* because the complaint fails to allege that Defendant acted in his individual capacity when the alleged Constitutional tort occurred. Defendant argues that this action also fails under *Bivens* because no Constitutional violation arises from the collection of taxes. Defendant contends that, as a result, the complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

■ A *Bivens* action is an action that allows an individual to sue a federal employee for damages for violating an individual's Constitutional rights. *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In order to maintain a *Bivens* action in federal court, a plaintiff must show that a federal employee violated one of the plaintiff's established Constitutional rights, *see Maraziti v. First Interstate Bank,* 953 F.2d 520, 523 (9th Cir. 1992), that an individual's established Constitutional right was violated by the federal employee while the employee was acting under the color of law, *Bivens,* 403 U.S. at 388, 91 S.Ct. 1999, that the federal employee is being sued in his or her individual capacity, *Vaccaro v. Dobre,* 81 F.3d 854, 857 (9th Cir.1996); *Daly–Murphy v. Winston,* 837 F.2d 348 (9th Cir.1987), and that there is no alternative way in which the plaintiff can seek relief for the violation of the plaintiff's Constitutional right, *Schweiker v. Chilicky,* 487 U.S. 412, 423, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). A *Bivens* claim cannot be asserted against the United States or an agency of the United States. *F.D.I.C. v. Meyer,* 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Cato v. U.S.,* 70 F.3d 1103, 1110–11 (9th Cir.1995). *Bivens* is not a mechanism for deterring the unconstitutional actions of a federal agency or the United States. *F.D.I.C.,* 510 U.S. at 484–86, 114 S.Ct. 996. Rather, the pur-

pose of a *Bivens* action is to deter individual federal employees from committing Constitutional torts while acting under the color of law. *Correctional Services Corp. v. Malesko,* 534 U.S. 61, 70–71, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001); *F.D.I.C.,* 510 U.S. at 485, 114 S.Ct. 996.

Although Defendant correctly states that a *Bivens* action cannot be brought against a federal employee in his or her official capacity because this would be deemed an action against the United States, Defendant's contention that Plaintiff is suing Defendant in his official capacity, as an agent of the IRS, is misguided. When construing the allegations in the complaint in the light most favorable to Plaintiff, it is evident that Plaintiff is suing Defendant in Defendant's individual capacity for actions taken under the color of law. Plaintiff alleges that Defendant "did negligently misapply federal law and federal regulations... and willfully disregarded the law and regulations," which resulted in the improper collection of taxes. Based on these allegations it is clear that Plaintiff is not alleging that the IRS or the United States violated Plaintiff's Constitutional rights. Instead, Plaintiff is alleging that Defendant's negligent misapplication of federal law and federal regulations caused the violation of Plaintiff's Constitutional rights and, as a result, Defendant is individually liable. Therefore, the court will not dismiss the complaint on the grounds that Plaintiff failed to sue Defendant in his individual capacity.

■ The court must, however, dismiss the complaint for failure to state a claim for which relief may be granted because an individual may not maintain a *Bivens* action for the improper collection of taxes. *See Wages v. Internal Revenue Service,* 915 F.2d 1230, 1235 (9th Cir.1990). Congress has provided that a lawsuit under 26 U.S.C. § 7433(a) is the exclusive remedy for seeking such relief. 26 U.S.C. § 7433(a)[1]. As such, 26 U.S.C. § 7433(a) precludes Plaintiff from bringing a *Bivens* action for the improper collection of taxes. *Wages,* 915 F.2d at 1235; *Cameron v. IRS,* 773 F.2d 126, 129 (7th Cir.1985); *see also Baddour, Inc. v. United States,* 802 F.2d 801, 807–08 (5th Cir.1986). Additionally, the Supreme Court has indicated that when Congress provides individuals with an alternative remedy for Constitutional torts committed by federal employees, individuals may not seek relief under *Bivens. See Schweiker v. Chilicky,* 487 U.S. 412, 423, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988)("[When] Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies."). *Wages,* 915 F.2d at 1235. Finally, Plaintiff's *Bivens* claim cannot be maintained in this action because a *Bivens* claim must involve the violation of an individual's established Constitutional right and the collection of taxes does not amount to such a violation. *Wages v. Internal Revenue Service,* 915 F.2d 1230, 1235 (9th Cir.1990)("[W]e have never recognized a constitutional violation arising from the collection of taxes."). The court must dismiss this action because Plaintiff fails to state a claim for which relief may be granted.

---

**1.** 26 U.S.C. § 7433(a) provides:

If, in connection with any collection of Federal Tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

The dismissal for failure to state a claim will be granted with prejudice because no amendment to the complaint could cure the defects in the complaint. When dismissing a complaint for failure to state a claim, the Ninth Circuit has stated that, "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001) (internal quotation marks omitted). Since 26 U.S.C. § 7433(a) prohibits Plaintiff from bringing a *Bivens* action for the improper collection of taxes, Plaintiff can allege no additional facts that could allow this court to maintain this action under *Bivens*. As a result, the court will dismiss the complaint with prejudice.

Defendant also contends that this action should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Defendant argues that because the alleged wrongful actions were taken by Defendant while acting in his official capacity as an employee with the IRS, the action against Defendant is deemed an action against the United States. As such, unless Plaintiff can show that the United States has waived its sovereign immunity, this action may not proceed against the United States. Defendant argues that Plaintiff has not provided this court with any statutory provision indicating the waiver of the federal government's sovereign immunity. Defendant claims that 26 U.S.C. § 7433(a), does not waive the federal government's sovereign immunity in this instance for three reasons. First, Plaintiff names an individual defendant in his complaint, while the only proper defendant for the improper collection of taxes under 26 U.S.C. § 7433(a) is the federal government. Second, Plaintiff has failed to show that he had exhausted all administrative remedies available to him as required by 26 U.S.C. § 7433(a) before bringing this action before a federal district court. Third, Plaintiff cannot show that Defendant "recklessly or intentionally, or by reason of negligence" disregarded the provisions of the Code or related regulations as required under 26 U.S.C. § 7433(a).

Since the court has already indicated that Defendant is being sued in his individual capacity it is unnecessary to assess Defendant's contention in detail. The complaint clearly indicates that Plaintiff is suing Defendant under *Bivens:* "Plaintiff pro se in this action... invokes the jurisdiction of this court, under the Fifth Amendment of the Constitution of the United States, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and *Gallegos v. Haggerty*, 689 F.Supp. 93 (N.D.N.Y.1988)[sic]." Nowhere in the complaint does Plaintiff seek to sue the United States pursuant to 26 U.S.C. § 7433(a), nor does Plaintiff ask for a refund claim. This is a suit against an IRS agent in his individual capacity who allegedly violated the Constitutional rights of Plaintiff. The court may not redraft Plaintiff's complaint in a fashion to establish a claim against another defendant. Nor may the court assume that this action was intended to be against the United States, basing this court's jurisdiction on 26 U.S.C. § 7433(a). It is apparent from the complaint that Plaintiff has not sought to sue the United States under 26 U.S.C. § 7433(a) and, as a result, it is irrelevant whether the United States has waived its sovereign immunity.

█ Finally, Defendant contends that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(5) because Plaintiff failed to serve the United States Attorney for the Eastern District of California and the United States Attorney General in this action. Defendant's motion to dismiss pursuant to Rule 12(b)(5) for the improper

service of process will be denied. It is not necessary in a *Bivens* action to serve the United States when the suit is against a federal official in his individual capacity. *See Vaccaro v. Dobre,* 81 F.3d 854, 857 (9th Cir.1996); *Armstrong v. Sears,* 33 F.3d 182 (2d Cir.1994). As a result, the service of the United States Attorney in the Eastern District of California and the United States Attorney General is not proper.

Defendant's contention that the complaint should be dismissed because this court has no jurisdiction over Plaintiff's refund claim should be denied because Plaintiff has not sought relief on the basis of a refund claim.

Defendant's contention that Plaintiff's prayer for injunctive relief should be stricken is rendered moot because the motion to dismiss for failure to state a claim pursuant to 12(b)(6) will be granted and the complaint will be dismissed without leave to amend.

### CONCLUSION AND ORDER

For the reasons stated in the above Memorandum Opinion, IT IS HEREBY ORDERED that:

1. Defendant's Rule 12(b)(5) motion to dismiss for improper service of process is DENIED;

2. Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim is GRANTED and the complaint is DISMISSED WITHOUT LEAVE TO AMEND;

3. All other motions by Defendant are inapplicable or are rendered moot;

4. The CLERK OF THE COURT is instructed to CLOSE this action.