**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEANNE MUNDOGO MANUNGA, | No.   16-56836 |
| Plaintiff-Appellant, | D.C. No.
2:14-cv-09093-AG-KES |
| v. | |
| LOUIS, Officer, Immigration and Customs Enforcement, individually and in official capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submission Deferred October 5, 2018
Submitted February 27, 2020**
Pasadena, California

Before:  SCHROEDER and NGUYEN, Circuit Judges, and SIMON,*** District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Jeanne Manunga appeals pro se the district court's judgment dismissing with prejudice Manunga's Fourth Amended Complaint alleging damages under the Federal Tort Claims Act ("FCTA") and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*").

Manunga alleged that, in 2013, while she was in immigration custody, Immigration and Customs Enforcement officers assaulted her and then failed to provide her with proper medical treatment. This is Manunga's seventh action seeking damages in connection with the assault, and her fourth against federal defendants. Manunga voluntarily dismissed the prior six (including at least two while she had retained counsel). The district court granted the government's motion to dismiss because it found that Manunga's claims were barred by claim preclusion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In the district court, Manunga opposed the government's motion by arguing that the United States was not a party to her prior cases, and that the government's relationship with its employee, defendant Louis, was not sufficiently aligned to create privity. On appeal, Manunga appears to raise different arguments. First, she argues that there is no "identity of claims" between her current FCTA claims, and her previously dismissed *Bivens* claims. Next, she argues that the employees are currently sued in their individual capacity, and so are not in privity with the same employees previously sued in their official capacity. Manunga also raises a series

of arguments for the first time in her reply brief.

Manunga's arguments raised for the first time on appeal, or in the reply brief, are waived. *See, e.g., Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) (observing that the court of appeals does not consider arguments not specifically and distinctly raised in the opening brief, or issues or arguments made for the first time on appeal); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (noting that, as a general rule, this court does not consider arguments raised for the first time on appeal; also, arguments not raised by a party in its opening brief are deemed waived).

Even if we were to consider Manunga's arguments on the merits, we would nonetheless affirm. There is a sufficiently close relationship between the claims in the current suit and Manunga's prior actions, because all share the same common nucleus of operative facts – namely, the alleged attack on Manunga, and the alleged failure to provide medical care. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987−88 (9th Cir. 2005) (explaining this court's transaction test used to determine whether two suits share a common nucleus of operative fact). Moreover, the employees were previously sued in their individual capacities, because the prior suits sought money damages from the employees, a hallmark that each was sued in his or her individual capacity. *See Vaccaro v. Dobre*, 81 F.3d 854, 856 (9th Cir. 1996) (explaining that a *Bivens* action is, by definition, against

3                                                                          16-56836

defendants in their individual capacity).

The district court properly applied claim preclusion to dismiss Manunga's action. Additionally, the district court did not abuse its discretion in denying Manunga leave to amend, because the preclusion bar means that any attempt to amend would have been futile. *See Curry v. Yelp, Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017).

Manunga's motion to withdraw her pro per filing (Docket No. 86) is granted. Manunga's motion requesting the production of evidence before settlement (Docket No. 80) has been withdrawn.

The judgment of the district court is **AFFIRMED.**