990 F.2d 467
 Robert H. MATTHEWS, Jr.; Ernie R. Sanders, Petitioners-Appellants,
v.
Edward A. MACANAS, Special Agent, Federal Bureau of
Investigation; Charles Butt, Special Agent, United States
Custom Service; Larry Hedberg, Special Agent, Drug
Enforcement Administration; Larry Courtney, Special Agent,
Drug Enforcement Administration; John P. Pierce, Assistant
United States Attorney, Respondents-Appellees.
 No. 91-56411.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Feb. 3, 1993.*
Decided March 31, 1993.
 
 Ernie R. Sanders, and Robert H. Matthews, pro se.
 Paul E. Beckhart, Asst. U.S. Atty., San Diego, CA, for respondents-appellees.
 Appeal from the United States District Court for the Southern District of California.
 Before: WALLACE, Chief Judge, SNEED and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Sanders and Matthews appeal pro se from the district court's dismissal of their constitutional tort action brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). They argue that the district court erroneously concluded that (1) Sanders's claim was barred by the doctrine of qualified immunity and (2) Matthews's claim was barred by the expiration of the applicable statute of limitations. The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 * Sanders and Matthews were arrested at Sanders's residence and charged with violating federal drug laws. The arrests followed a search of Sanders's residence which resulted in the discovery and seizure of drugs and related paraphernalia. The search was conducted pursuant to a search warrant issued by a federal magistrate. Sanders and Matthews contend that Agent Macanas, who submitted the affidavit in support of the search warrant, and the other federal officers conspired to deprive them of their constitutional rights under the Fourth Amendment. As Sanders and Matthews themselves put it, "[t]he major issue in this lawsuit is whether the search warrant affidavit would have established probable cause for the issuance of the search warrant if the ... affiant had not misled the magistrate by omitting material facts and including false statements." Matthews also alleges that he was the victim of an unlawful, warrantless arrest.
 
 II
 
 3
 We review de novo a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). The issue raised here is identical to the one raised by Sanders in his direct appeal of his criminal conviction. See United States v. Sanders, No. 91-50705, 988 F.2d 125 (text available at 1993 WL 43916) (9th Cir. Feb. 18, 1993). Indeed, Sanders's opening brief in this appeal incorporates by reference the Fourth Amendment arguments presented in his criminal appeal. We have held in his criminal appeal that the affidavit in support of the search warrant established probable cause and that Sanders's constitutional rights were not violated. See id. The Bivens action filed by Sanders therefore is now barred by the doctrine of collateral estoppel. See Bagley v. CMC Real Estate Corp., 923 F.2d 758, 762 (9th Cir.1991) ("A plaintiff may be estopped from bringing a civil action to challenge an issue which was distinctly put in issue and directly determined in a previous criminal action.") (internal quotation omitted), cert. denied, --- U.S. ----, 112 S.Ct. 1161, 117 L.Ed.2d 409 (1992).
 
 III
 
 4
 We review de novo a dismissal on statute of limitations grounds. Donoghue v. Orange County, 848 F.2d 926, 929 (9th Cir.1988). The applicable statute of limitations in a Bivens action is the state personal injury statute. Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir.1991). In California, the personal injury limitation is one year. Cal.Code Civ.Proc. § 340(3). Where false arrest or illegal search and seizure is alleged, the claim accrues from the date of the wrongful act. Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir.1983). In this case, Matthews was arrested on September 13, 1989. He did not file suit until January 22, 1991, well after the limitations period had run.
 
 
 5
 Matthews responds that his action was timely filed in light of Cal.Gov't Code § 945.3, which provides that the applicable statute of limitations shall be tolled in a related civil damage action against a "peace officer" during the time the plaintiff's criminal charges are pending. Under California law, "[f]ederal criminal investigators and law enforcement officers are not California peace officers," although they may exercise powers of arrest provided that they are engaged in the enforcement of federal criminal law. Cal.Penal Code § 830.8(a). Because federal officers are not "peace officers" section 945.3's tolling provision does not apply to federal officials. Thus, the district court properly dismissed Matthews's claim as time barred. His reliance on Harding v. Galceran, 889 F.2d 906, 907-09 (9th Cir.1989), cert. denied, 498 U.S. 1082, 111 S.Ct. 951, 112 L.Ed.2d 1040 (1991), is unavailing. The defendants in that case were state, not federal, officers. Id. at 907.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4