999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Russell BAILEY, Plaintiff-Appellant,
v.
U.S. CUSTOMS SERVICE, Defendant-Appellee.
 No. 92-56258.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Russell Bailey appeals pro se the district court's dismissal of his Bivens[1] action as barred by the statute of limitations. In his action, Bailey alleged that an employee of the U.S. Customs Service falsely imprisoned and sexually abused him during a routine port-of-entry search. We review de novo, Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir.1991) (per curiam), and affirm.
 
 
 3
 The statute of limitations for Bivens actions is determined by looking to the appropriate state's statute of limitations for personal injuries. Van Strum v. Lawn, 940 F.2d 406, 409-10 (9th Cir.1991). Here, California's one-year personal injury statute of limitations applies. See Cal.Code Civ.P. § 340(3); Matthews v. Macanas, 990 F.2d 467, 468 (9th Cir.1993).
 
 
 4
 The actions giving rise to Bailey's claim occurred during the port-of-entry search on November 23, 1989. Bailey filed the present action on April 3, 1992. Thus, because Bailey filed his claim after the one year statute of limitations expired, the district court properly dismissed his action on statute of limitations grounds. See Matthews, 990 F.2d at 478.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Prisons, 403 U.S. 388 (1971)