Marcos CHAVEZ; Marisela Franco; Gloria Yanez de Lopez; Dulce Aurora Lopez, a minor, by and through her Guardian Ad Litem, Gloria Yanez de Lopez; Lucero Yetzemanit Lopez, a minor by and through her Guardian Ad Litem, Gloria Yanez de Lopez; Socorro Montano de Silva; Adriana Jazmin Silva, a minor by and through her Guardian Ad Litem, Socorro Montano de Silva, and Gladys Alondra Silva, a minor, by and through her Guardian Ad Litem, Socorro Montano de Silva, Plaintiffs,

v.

IMMIGRATION AND NATURALIZATION SERVICE, an agency of the United States; U.S. Border Patrol, an agency of the United States, Agent J. Wainer, an individual; Agent Brown, an individual; Agent C. Sears, an individual; Agent S. Rojas; an individual; Agent R. Rifle, an individual; Agent J. Paisley, an individual; Agent R. Roberts, an individual; United States of America; Does 1 through 100, Defendants.

No. Civ. 98CV0454B(RBB).

United States District Court,
S.D. California.

Oct. 1, 1998.

Federico Castelan Sayre, Thomas A. Brill, Newport Beach, CA, for plaintiffs.

Timothy C. Stutler, San Diego, CA, for defendants.

ORDER GRANTING DEFENDANTS' MO-
TION TO DISMISS PLAINTIFFS'
SEVENTH CAUSE OF ACTION
WITH LEAVE TO AMEND RE. INDI-
VIDUAL DEFENDANTS; GRANT-
ING STIPULATED DISMISSAL RE.
ALL LISTED DEFENDANTS OTH-
ER THAN THE UNITED STATES OF
AMERICA FOR CAUSES OF AC-
TION ONE THROUGH SIX; AND
GRANTING PLAINTIFFS' RE-
QUEST TO DISMISS ALL DOE DE-
FENDANTS

BREWSTER, Senior District Judge.

## I. Introduction

This case involves several Federal Tort Claims Act (FTCA) claims and a *Bivens* claim resulting from an automobile accident allegedly caused because of the U.S. Border Patrol's pursuit of a fleeing vehicle. The accident resulted in death and serious injuries. Plaintiffs Marcos Chavez, et al., bring this action against the United States, the Immigration and Naturalization Service (INS) and the U.S. Border Patrol, agencies of the U.S. Government, and seven individual employees of these agencies. The instant matter is the Defendants' Motion to Dismiss the complaint and all but one causes of action therein pursuant to Fed.R.Civ.P. 12(b)(6).

Plaintiffs' Complaint alleges seven causes of action against Defendants.[1] Claims one through six are FTCA claims for negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, wrongful death, negligence (personal injury/survival), and loss of consortium. Plaintiffs' seventh cause of action is a *Bivens* claim alleging various constitutional violations. All Parties concur that Plaintiffs' FTCA causes of action do not properly lie against the individual Defendants and that the only proper Defendant under the FTCA is the United States. Therefore, causes of action one through six should be dismissed as to all Defendants but the United States. While not raised by Parties in their respective briefs, the Court notes that the FTCA claims against the United States may be time barred under 28 U.S.C. § 2401(b) ("Time for

commencing action against United States"). However, since this issue is left unaddressed by both Parties, Plaintiffs' FTCA actions are not dismissed as to the United States. Plaintiffs have leave to amend their Complaint.

All Parties also agree that *Bivens* claims do not lie against the United States or its agencies. Thus, only the individual defendants can be the subject of the Plaintiffs' *Bivens* claims. Finally, all Parties agree that all DOE defendants should be dismissed. Plaintiffs voluntarily request the Court's dismissal of the above defendants; leave to dismiss will be granted as to these matters.

The question left before this court is whether the Plaintiffs' seventh claim—the *Bivens* claim—should be dismissed against the individual defendants.[2] Defendants assert that Plaintiffs' *Bivens* claim is time-barred; Plaintiffs contend otherwise. Both Parties cite to Ninth Circuit Court of Appeals case law to support their claim. In light of the apparent split in Ninth Circuit case law, the answer to whether this matter is time-barred must turn on an analysis of the apparently contradictory positions of different Ninth Circuit panels.

## II. Factual Background

On or about April 29, 1995, near Jamul, California, a west-bound van carrying Marcos Chavez, Roberto Lopez, and Antonio Silva Frias was struck by an east-bound pickup truck. The resulting accident killed Mr. Lopez and Mr. Frias; Plaintiff Chavez allegedly suffered personal injuries. Besides Plaintiff Chavez, other plaintiffs in this case include Roberto Lopez's spouse and daughters, Antonio Silva Frias' spouse and daughters, and Marcos Chavez's spouse. Plaintiffs allege that the accident proximately resulted from a high-speed chase of the eastbound pickup truck, a chase allegedly initiated and maintained by agents of the U.S. Border Patrol. Plaintiffs allege that this chase was contrary to both the internal policies of the Border Patrol and the laws of the State of California. Plaintiffs filed their Complaint on March 4, 1998.

---

1. Plaintiffs' Complaint adequately defines which particular Plaintiff brings which individual cause of action.

2. As noted, the Plaintiffs' FTCA claims against the United States are not at issue.

## III. Analysis

### A. Standard of Law

■ A motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. The Court must accept as true the complaint's material allegations and any reasonable inferences that may be drawn from them. *See Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). The Court will dismiss a claim if the complaint, when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A case can only be dismissed without leave to amend on the grounds that the statute of limitations has run if it is clear from the complaint that it would not be possible for plaintiff to prove that the statute was tolled. *Cervantes v. City of San Diego,* 5 F.3d 1273, 1275 (9th Cir.1993).

### B. The Plaintiffs' *Bivens* Cause of Action is Time–Barred[3]

Plaintiffs and Defendants cite to apparently contradictory Ninth Circuit case law in support of their respective statute of limitations positions. Plaintiffs rely upon *Gerritsen v. Consulado General De Mexico,* 989 F.2d 340 (9th Cir.1993), for the assertion that a *Bivens* claim for a personal injury claim in the State of California is subject to a four-year statute of limitations. *See* Plaintiffs' Opposition to Motion to Dismiss, p. 2, ln. 5–13 ("The statute of limitations for a Biven's action in California is governed by Section 343 of the California Code of Civil Procedure, and therefore carries with it a four year statute of limitations."). Conversely, Defendants cite to *Matthews v. Macanas,* 990 F.2d 467 (9th Cir. March 31, 1993), decided one day after *Gerritsen,* for the proposition that the applicable statute of limitations is instead one year. *See* Defendants' Memorandum of Points and Authorities, p. 3, ln 18–24 ("The limitations period within which to bring a *Bivens* action in California is one year.").

■ Defendants have the better argument. Plaintiffs' reliance on *Gerritsen* is unavailing.

#### 1. *Gerritsen* Analysis

Plaintiffs are quite correct that *Gerritsen* explicitly states that *Bivens* actions are subject to the four-year statute of limitations contained in California Code Civ.Proc. § 343. *Gerritsen,* 989 F.2d at 343 ("In California, a so-called *Bivens* action against a federal agent is subject to a four[-]year statute of limitations"), *citing Gibson v. United States,* 781 F.2d 1334, 1342 (9th Cir.1986), *cert. denied,* 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987).[4] Importantly, the plaintiff in *Gerritsen* filed his original complaint in 1985.

*Gibson* the case relied upon in *Gerritsen* states quite explicitly: "[The Ninth] circuit applies the catch-all four-year limitations provisions set forth in section 343 of the California Code of Civil Procedure to *Bivens* actions arising in California." *Id.* at 1342, *citing Marshall v. Kleppe,* 637 F.2d 1217 (9th Cir.1980). Thus, it is *Marshall v. Kleppe* that stands at the root of the Plaintiffs' contention that a four-year statute of limitations applies. Significantly, however, *Gibson* did note that *Marshall* may be suspect because of the Supreme Court's intervening decision in *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The Supreme Court in *Wilson* held that a court must apply the most closely analogous state statute of limitations for § 1983 civil rights actions.

The *Gibson* court declined to extend that reasoning to *Bivens* claims. "The Supreme Court has yet to decide whether its reasoning in *Wilson v. Garcia* means that *Bivens* claims should also be analogized to state personal injury tort claims for limitations purposes. Recognizing that *Wilson* may require a re-examination of *Marshall v. Kleppe* ... we do not find this an appropriate occasion for doing so: even if were we to overrule *Marshall,* we do not apply a shorter statute

---

3. The following analysis does not discriminate between adult plaintiffs and plaintiffs below the age of majority because the statute of limitations is the same based on the present Complaint.

4. Plaintiffs mistakenly label the *Gibson* case as "Vincent v. United States" and assert that the Supreme Court denied certiorari fifty years before the case existed, but the cite provided the Court is correct. The error is harmless.

of limitations retroactively to bar claims such as plaintiffs' that were timely when filed." *Gibson* at 1342, n. 5. *Gibson*'s holding is thus a statement that a court will not apply a shorter statute of limitations period retroactively to a claim that may have been timely filed under then-existing case law. *Gerritsen*—which also involved a retroactivity problem—thus correctly cited to *Gibson.*

But *Gibson* is not authority for the proposition that a four-year statute of limitations is the law of the Ninth Circuit when there is not a retroactivity problem. Moreover, *Marshall*—its underlying authority—was decided in 1980, five years prior to the Supreme Court's holding in *Wilson* that personal injury claims brought under 42 U.S.C. § 1983 are subject to a state's applicable tort statute of limitations. While § 1983 claims and *Bivens* claims are separate, the Ninth Circuit has remarked on their similarity. *See Kreines v. U.S.,* 959 F.2d 834, 837 (9th Cir. 1992) ("A *Bivens* suit differs from a § 1983 suit only in that a federal, rather than a state, defendant is sued."); *see also Gibson,* 781 F.2d at 1341 ("*Bivens* actions, the judicially crafted counterpart to section 1983. . . .") The Supreme Court has not held that a state's applicable tort statute of limitations expressly applies to *Bivens* claims. But the Ninth Circuit has filled that gap. *See Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir.1991) (analogizing § 1983 and *Bivens* claims and holding that the applicable state tort statute of limitations applies to *Bivens* claims).

### 2. *Matthews* Analysis

In contrast to the *Gerritsen* line of cases, Defendants point the Court to *Matthews v. Macanas,* 990 F.2d at 468–69, in support of a one-year statute of limitations: "The applicable statute of limitations in a *Bivens* action is the state personal injury statute. *Van Strum v. Lawn,* 940 F.2d 406, 410 (9th Cir. 1991). In California, the personal injury limitation is one year. Cal.Code Civ.Proc. § 340(3)." As *Matthews* stands in apparently sharp contrast to the holding in *Gerritsen,* an examination of *Matthews*' underlying authority is in order. Not unlike *Gerritsen. Matthews* does nothing more than cite to a prior case, *Van Strum v. Lawn,* 940 F.2d 406, 408–10 (9th Cir.1991), as support for its

legal conclusion that a one-year statute of limitations applies to *Bivens* claims. Unfortunately, neither *Gibson* nor *Marshall*—apparently holding to the contrary—are discussed nor even mentioned. However, the reason for that apparent oversight is most likely that *Matthews* did not involve a retroactivity problem.

The *Matthews* court's reliance on *Van Strum* is well-placed. *Van Strum* does what *Gibson* only mentioned might be done, i.e. reevaluate *Marshall* in light of the Supreme Court's *Wilson* decision. The *Van Strum* decision contains a lengthy analysis as to why *Wilson*'s holding—again, that a state's statute of limitations for personal injury actions applies to § 1983 claims—is applicable to *Bivens* claims as well.

"All three of [*Wilson*'s] concerns apply with equal force to *Bivens* actions. Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens.* Like § 1983, the purposes of *Bivens* are best served through a uniform, easily applicable limitations period that is unlikely to discriminate against interests protected by the Constitution. Moreover, the rationale for applying the statute of limitations for personal injury applies with even greater force to *Bivens* actions, which come solely from the provisions of the Constitution protecting personal rights. We are further prompted to apply *Wilson* to claims invoking the Constitution directly by a practical concern. In some suits, as in the one at hand, a plaintiff may choose to sue certain defendants interchangeably under § 1983 or directly under the Constitution. As the Seventh Circuit stated in determining to apply *Wilson* to direct suits under the Constitution: 'There is no reason to have a different period of limitations, and a strong reason not to: any difference would give the plaintiff an incentive to pick whichever jurisdiction provided the longer period, recreating the uncertainty that the Supreme Court sought to eliminate. We conclude, therefore, that there should be a single period of limitations for all suits in which the Constitution supplies the remedy.' We agree, and follow the position adopted by

the Seventh Circuit, as well as the Second and Sixth Circuits. Accordingly, we hold that the personal injury statute of limitations properly applies to *Bivens* claims." *Id.* at 409-10.

The Court finds the legal reasoning in *Van Strum* wholly persuasive. In contrast, the Plaintiffs' cited line of cases is bottomed on a case prior in time to the *Wilson* case, i.e. *Marshall*, as well as a case that admitted *Marshall* was a potential candidate for re-evaluation, i.e. *Gibson*, but for the retroactivity problem. There being no retroactivity problem in the instant case, the Court finds *Van Strum* and its progeny, i.e. *Matthews v. Macanas*, the applicable authority on the matter.

█ The statute of limitations for personal injury actions in California being one year, Cal.Code Civ.Proc. § 340(3), and that statute of limitations being applicable to the Plaintiffs' *Bivens* claim, the Court finds that Plaintiffs' claim, at least with respect to the adult Plaintiffs, is time barred.

### III. Conclusion

Defendants' motion to dismiss Plaintiffs' seventh cause of action, the *Bivens* claim, is GRANTED without leave to amend as to the United States. Defendants' motion to dismiss Plaintiff's seventh cause of action, the *Bivens* claim, is GRANTED with leave to amend as to the individual defendants. Plaintiffs have leave to amend their complaint as they have not had the opportunity to plead around the statute of limitations. As stipulated to by the parties, all listed defendants other than the United States are not properly defendants under causes of action one through six—the Federal Tort Claims Act claims—and are therefore dismissed from this action without leave to amend. Plaintiffs are GRANTED their request to dismiss all DOE Defendants with prejudice. Plaintiffs have leave to amend their complaint regarding their FTCA claims.

IT IS SO ORDERED.