Rosemary ADAMSON, Plaintiff—
Appellant,

v.

LOCKHEED MARTIN IDAHO TECH-
NOLOGIES COMPANY; U.S. Depart-
ment of Energy, an agency of the
United States Government; John Does
1–10, Defendants—Appellees.

No. 00–35363.

D.C. No. CV–98–00497–BLW.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2001 *.

Decided Oct. 9, 2001.

cation and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,** Senior District Judge.

### MEMORANDUM ***

Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition. Adamson worked at Idaho National Engineering and Environmental Laboratory, a United States Department of Energy (DOE) facility which was managed and operated by Lockheed Martin Idaho Technologies Company (LMITCO), which employed Adamson. After repeated disagreements with her immediate supervisor, Sharon Collins, Adamson walked off the job on December 10, 1996, and orally communicated her intent not to return. Although Adamson claims that there was a constructive discharge and contends that there is a factual issue about whether she actually quit on December 10, nothing in her complaint or in the

---

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

record before the district court when it dismissed the case suggests that Adamson intended to return to work after that date.

Adamson was responsible for reviewing documents connected with the operation of nuclear reactors and the facilities in which they are located. She alleges that her difficulties with Collins began after Adamson identified control errors in documentation, and Collins refused to correct the errors. Adamson brought her concerns to higher management, which recognized the significance of Adamson's concerns and rewarded her for her efforts.

According to Adamson, Collins retaliated against Adamson for Adamson's having gone over Collins' head. The alleged retaliatory behavior included manufacturing false logs of Adamson's alleged inappropriate use of the Internet, threatening to disclose the logs to other company officials, and unfairly increasing Adamson's work responsibilities.

Two years and one day after having walked off the job, Adamson filed a complaint in the United States District Court for the District of Idaho, alleging several tort, contract, and statutory damages claims against the DOE, LMITCO, and ten John Does.[1] Defendants moved for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and, on June 28, 1999, the district court filed a memorandum decision and order dismissing the case for failure to state a claim. Fed. Rules Civ. P. 12(b)(6). The memorandum decision and order was followed by a July, 6, 1999, judgment to that effect. On July 16, 1999, Adamson moved to reopen the judgment. The trial court denied her motion, and Adamson appeals, alleging that the dismissal was error with respect to each of her claims and that the judgment should have been reopened.

We review the judgment of dismissal *de novo*, *see Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir.1996), and the denial of the motion to reopen the judgment for abuse of discretion, *see School District No. 1J Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).[2] We affirm.

■ Adamson's first claim is a constitutional tort pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Adamson brought the claim against DOE and LMITCO. We conclude that it was properly dismissed based on Adamson's filing her claim after the two-year statute of limitations had run. The applicable statute of limitations in a *Bivens* action is the same as that in a state law personal injury action. *Matthews v. Macanas*, 990 F.2d 467, 468–69 (9th Cir.1993). Idaho Code section 5–219(4) provides that the statute of limitations in such actions is two years. Although Adamson now alleges that her discharge was weeks after December 10, 1996, that is the date on which she alleged in her verified complaint she resigned.[3] The suit was filed on December 11, 1998, one day after the statute of limitations had run. Adamson's *Bivens* claim was properly dismissed.

---

1. Adamson walked off the job on December 10, 1996, and she filed her complaint on December 11, 1998.

2. As part of her argument that the court erred in failing to reopen the judgment, Adamson also argues that the court should have granted her leave to amend her complaint. That claim is also reviewed for abuse of discretion. *See Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990).

3. There was no evidence in the record before the district court to contradict her sworn allegation.

■ We next address Adamson's claim under the *Noerr–Pennington* doctrine, which provides a potential defense of immunity against civil liability to those who petition the government for redress of grievances. *See, e.g., Boulware v. State of Nevada,* 960 F.2d 793, 800 (9th Cir.1992). But we have not found, nor has Adamson pointed us to, any case in which the doctrine was used as a basis for imposing civil liability. Adamson misinterprets the *Noerr–Pennington* doctrine. Her claim based on the *Noerr–Pennington* doctrine was properly dismissed.

■ Adamson's claim under the Federal Whistleblower Protection Act of 1989 (WPA), 5 U.S.C. § 1211 *et seq.,* assuming the Act applied to an employee of a government contractor, is barred by her failure to exhaust administrative remedies as required by 5 U.S.C. § 1221(a).

■■ Adamson brought tort claims for personal injury and intentional infliction of emotional distress against both the DOE and LMITCO. Her tort claims against the DOE are barred by her failure to file an administrative complaint against the government within two years, as required by 28 U.S.C. § 2401(b). And her tort claims against LMITCO are barred by the two-year state statute of limitations on those claims. *See* Idaho Code § 5–219(4) (providing that the statute of limitations for personal injury claims is two years); *Curtis v. Firth,* 123 Idaho 598, 850 P.2d 749, 755 (1993) (stating that the statute of limitations for intentional infliction of emotional distress claims is two years).

We also reject Adamson's claim that her constructive discharge breached the implied covenant of good faith and fair dealing in her at-will employment contract. The district court dismissed this claim for failure to comply with Local Rule 7.1(f) [4] and for Adamson's failure to address defendants' arguments for dismissal of the claim. Because Adamson fails to address this ruling in her brief on appeal, we will not consider it further. *See Martinez–Serrano v. I.N.S.,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

■ Finally, we turn to Adamson's claims that the district court abused its discretion in failing to reopen the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and in failing to grant Adamson leave to amend her complaint prior to dismissing it under Rule 15(a) of the Federal Rules of Civil Procedure.

Ordinarily, "[r]econsideration is appropriate [under Rule 59(e)] if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School District No. 1J Multnomah County,* 5 F.3d at 1263 (citation omitted). The decision not to reopen a judgment under Rule 59(e) is reviewed for abuse of discretion. *Id.* at 1262. Here, although Adamson presented evidence of a factual issue regarding the date of her constructive discharge, the evidence she presented was not newly discovered. Moreover, neither of the other reasons for reopening a judgment identified in *School District No. 1J Multnomah County* apply here. Thus, the district court did not abuse its discretion in failing to reopen the judgment.

---

4. Rule 7.1(c) of the District of Idaho Local Civil Rules requires a party to file a response to an opposing party's motion within twenty-one days. Rule 7.1(f) provides that a failure to do so *"may be deemed to constitute a con-* *sent to the sustaining of [the moving party's] pleading or the granting of [the moving party's] motion or other application."* D. Idaho L. Civ. R. 7.1(f) (emphasis added).

Adamson also argues that the district court should have granted her leave to amend the complaint prior to dismissing it. *See* Fed.R.Civ.P. 15(a). The following five factors bear on whether a district court abuses its discretion in dismissing a complaint without allowing leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990) (citation omitted). Here, factors two and four apply.

Adamson consistently filed her responses to defendants' motions in the district court late and her affidavit alleging that her employment ended some time after December 10, 1996, was not filed until July 16, 1999, eight months after she filed her complaint and ten days after the trial court entered a judgment dismissing her case.[7] Her tardiness in these circumstances constitutes undue delay.

Because Adamson's complaint alleged that she was discharged on December 10, 1996, and no evidence in the record at the time of the court's judgment dismissing the case suggested otherwise, it would have correctly appeared futile to the district court to allow Adamson to amend the pleadings. Based on Adamson's undue delay and the apparent futility of amendment, the district court did not abuse its discretion in declining to grant Adamson leave to amend the complaint prior to dismissing it.

AFFIRMED.

---

7. Adamson also alleges that she mailed an affidavit raising a factual issue about the date of her constructive discharge on May 24, 1999. However, defendant LMITCO moved to dismiss the case on January 29, 1999, and defendant DOE moved to dismiss it on February 16, 1999. Rule 7.1(c) of the District of Idaho Local Civil Rules required Adamson to file a response to those motions within twenty-one days. Accepting Adamson's contention that she mailed the affidavit on May 24, 1999, had the district court received it, it would have been filed about four months late. Four months of default under a court rule is undue delay. Additionally, it is reasonable to expect parties to see that the court receives the documents that they mail.

