**Suzanne ECHANTE, Plaintiff—
Appellant,**

v.

**COUNTY OF MONO; et al.,
Defendants—Appellees.**

**No. 07–15254.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 6, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument, and therefore denies appellant's request. *See* Fed. R.App. P. 34(a)(2).

Suzanne Echante, Coleville, CA, pro se.

Marjorie E. Manning, Esq., Bolling, Walter & Gawthrop, Kevin William Reag-

er, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Timothy Pemberton, Markleeville, CA, pro se.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Suzanne Echante appeals pro se from the district court's order dismissing her action under 42 U.S.C. § 1983 and state law stemming from her arrests and prosecution for violating a court order. We have jurisdiction under 28 U.S.C. § 1291. We review de novo an order granting a motion to dismiss. *Sacks v. Office of Foreign Assets Control,* 466 F.3d 764, 770 (9th Cir.2006). We affirm.

The district court properly dismissed all federal claims relating to Echante's first arrest because a judgment in her favor would necessarily imply the invalidity of her conviction. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

The district court properly dismissed Echante's false arrest, imprisonment, and malicious prosecution claims arising from her second arrest because probable cause supported the arrest. *See Barry v. Fowler,* 902 F.2d 770, 772–73 (9th Cir.1990) (stating that a warrantless misdemeanor arrest supported by probable cause satisfies the requirements of the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Fourth Amendment); *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir.2006) (stating that a malicious prosecution claim requires a lack of probable cause). Moreover, Echante is estopped from challenging the issue of probable cause in this civil action. *See Matthews v. Macanas*, 990 F.2d 467, 468 (9th Cir.1993) ("A plaintiff may be estopped from bringing a civil action to challenge an issue which was distinctly put in issue and directly determined in a previous criminal action.").

■ The district court properly dismissed Echante's fair trial claim because she did not allege any constitutional injury. *See* 42 U.S.C. § 1983. Additionally, her claims against the judicial officials made in their individual capacities are barred by judicial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc) (stating that judges are immune from actions for damages based on judicial acts).

The district court properly dismissed Echante's state law claims. *See* Cal. Gov't Code §§ 945.3, 945.6 (requiring civil action to be filed within six months after the termination of a criminal prosecution); Cal. Gov't Code §§ 910, 915(c), 945.4 (requiring timely submission of a claim against judicial defendants); Cal. Gov't Code § 821.6 (stating that public employees are not liable for injury caused by instituting or prosecuting any judicial or administrative proceeding within the scope of their employment).

We do not consider issues raised for the first time on appeal. *See Foti v. City of Menlo Park*, 146 F.3d 629, 638 (9th Cir. 1998).

Echante's remaining contentions are unpersuasive.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Echante's request for sanctions is denied.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.