**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10423 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00150-LDG-RJJ |
| v. | |
| MARK DAVID CHANLEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Argued and Submitted July 21, 2011
San Francisco, California

Before: TASHIMA and RAWLINSON, Circuit Judges, and RAKOFF, Senior
District Judge.[**]

Appellant Mark David Chanley (Chanley) challenges his convictions for the

receipt and possession of child pornography. Chanley contends that the district

court erred in denying Chanley's motion to suppress as untimely; that his speedy

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jed S. Rakoff, Senior U.S. District Judge for the
Southern District of New York, sitting by designation.

trial rights were violated; and that there was insufficient evidence to support his conviction for receipt of child pornography.

**1.** The district court properly denied Chanley's second motion to suppress as untimely. *See United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir. 2002) ("It does not matter that [Chanley] made a pre-trial motion to suppress on other grounds, for just as a failure to file a timely motion to suppress evidence constitutes a waiver, so too does a failure to raise a particular ground in support of a motion to suppress. . . .") (citation and internal quotation marks omitted).

The record is not sufficiently developed to allow resolution of Chanley's ineffective assistance of counsel claim. *See United States v. Mayweather*, 634 F.3d 498, 507 (9th Cir. 2010), *as amended* ("We review challenges to the effectiveness of counsel on direct appeal only (1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate based on the existing record that it obviously denies a defendant his Sixth Amendment right to counsel. Neither circumstance is present here.") (citation, alteration, and internal quotation marks omitted).

**2.** Chanley's Sixth Amendment right to a speedy trial was not violated because

2

Chanley consented to the continuances of his trial; the district court held that the ends of justice were served by the continuances; and Chanley failed to demonstrate the requisite prejudice. *See United States v. Drake*, 543 F.3d 1080, 1085-86 (9th Cir. 2008).

**3.** There was sufficient evidence supporting the conviction for receipt of child pornography because there was "a sufficient connection between [Chanley] and the contraband to support the inference that [Chanley] exercised dominion and control over it." *United States v. Heller*, 551 F.3d 1108, 1113 (9th Cir. 2009) (citation, alteration, and internal quotation marks omitted); *see also United States v. Romm*, 455 F.3d 990, 999, 1002 (9th Cir. 2006).

**AFFIRMED.**