FILED

JAN 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARK DAVID CHANLEY,

        Plaintiff - Appellant,

  v.

MIKE GILLIS,

        Defendant - Appellee.

No. 10-17078

D.C. No. 2:09-cv-02295

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of Nevada
Roger L. Hunt, Chief Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

    Mark David Chanley, a federal prisoner in Nevada, timely appeals pro se

from the district court's judgment dismissing his 42 U.S.C. § 1983 action for

failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Chanley moved to disqualify the magistrate judge for bias, pursuant to 28 U.S.C. §§ 455(a) and (b)(1). We review the denial of a recusal motion for abuse of discretion. *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010). Chanley's allegations regarding the magistrate judge's prior rulings in his criminal case are not such as to demonstrate the requisite bias or prejudice to warrant recusal. *See Liteky v. United States*, 510 U.S. 540, 551, 553; *Johnson*, 610 F.3d at 1147–48; *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) (even erroneous "[a]dverse rulings do not constitute the requisite bias").

We review de novo the district court's application of collateral estoppel to dismiss Chanley's section 1983 complaint for failure to state a claim. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004); *Matthews v. Macanas*, 990 F.2d 467, 468 (9th Cir. 1993) (per curiam) (*abrogated on other grounds as recognized by Papa v. United States*, 281 F. 3d 1004, 1009 n.12 (9th Cir. 2002)). In his criminal case, Chanley moved to suppress evidence on the ground that there were misrepresentations or omissions in the affidavit in support of the application for a search warrant, and that the warrant consequently lacked probable cause. *See Matthews*, 990 F.2d at 468. The district court denied the motion to suppress, Chanley was convicted of receipt and possession of child pornography, and his conviction has been affirmed by this court. *United States v.*

*Chanley*, No. 10-10423, 2011 WL 3290388 (9th Cir. Aug. 2, 2011). Because the district court in the criminal case already rejected Chanley's arguments regarding the warrant, Chanley is collaterally estopped from re-litigating the issue here. *See Allen v. McCurry*, 449 U.S. 90, 91, 105 (1980); *Matthews*, 990 F.2d at 468.

**AFFIRMED**.