Otniel Afable PASCUAL, Plaintiff,

v.

Alan MATSUMURA, individually and in his capacity as a Police Officer of the City and County of Honolulu, State of Hawaii; Scott Tamasaka, individually and in his capacity as a Police Officer of the City and County of Honolulu, State of Hawaii; and Stuart Kimura, individually and in his capacity as a Police Officer of the City and County of Honolulu, State of Hawaii, Defendants.

No. CIV. 99–00706 SOM–KSC.

United States District Court,
D. Hawaii.

Oct. 10, 2001.

Rory S. Toomey, Law Office of Rory Soares Toomey, Honolulu, HI, for Plaintiff.

James C. Butt, Office of the Corporation Counsel, Honolulu, HI, for Defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF FALSE ARREST CLAIM

MOLLWAY, District Judge.

### I. INTRODUCTION.

Plaintiff Otniel Afable Pascual ("Pascual") seeks damages arising out of his arrest on or about May 21, 1997. In Count I of his Complaint, Pascual alleges that he was falsely arrested by Defendants, police officers with the City and County of Honolulu. In this motion, Defendants contend that Pascual's false arrest claim is barred by a two-year statute of limitations because Pascual did not file his complaint until October 12, 1999. Defendants argue that Pascual's false arrest claim began to accrue on the date of his arrest. This court disagrees. On the present facts, the limitations period did not accrue during the pendency of Pascual's criminal case. Accordingly, the court denies the present motion.

### II. BACKGROUND FACTS.

Pascual says that, on or about May 21, 1997, he was sitting and eating in a public place next to a group of men. Complaint ¶¶ 8–9. Pascual was arrested and charged in state court with gambling in violation of Haw.Rev.Stat. § 712–1225 and with possession of a gaming device in violation of Haw.Rev.Stat. § 712–126. On June 12, 1997, Pascual pled not guilty to the charges. Complaint ¶ 25. Pascual's trial was continued two times because the police officers failed to appear for the trial. Complaint ¶¶ 26–27. Pascual says that, on October 9, 1997, when the officers failed to appear for trial for a third time, the state judge dismissed the charges against Pascual with prejudice. Complaint ¶ 28. This civil suit followed.

### III. STANDARD OF REVIEW.

■ Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal upon the "failure to state a claim upon which relief can be granted."[1] Review is limited to the contents of the complaint. *Campanelli v. Bockrath,* 100 F.3d 1476, 1479 (9th Cir.1996); *Allarcom Pay Television, Ltd. v. General Instrument Corp.,* 69 F.3d 381, 385 (9th Cir.1995); *Argabright v. United States,* 35 F.3d 472, 474 (9th Cir.1994). For a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Federation of African Amer. Contractors v. City of Oakland,* 96 F.3d 1204, 1207 (9th Cir.1996). Conclusory allegations of law and unwarranted inferences, however, are insufficient to defeat a motion to dismiss. *Rosenbaum v. Syntex Corp.,* 95 F.3d 922, 926 (9th Cir. 1996). Dismissal may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988) (citing *Robertson v. Dean Witter Reynolds,* 749 F.2d 530, 533–34 (9th Cir.1984)). A motion to dismiss may also be granted if an affirmative defense or other bar to relief is apparent from the face of the com-

---

1. Motions brought on statute of limitations grounds for § 1983 claims are analyzed under Rule 12(b)(6). *See McDougal v. County of Imperial,* 942 F.2d 668, 670 (9th Cir.1991).

plaint, such as absolute immunity or the statute of limitations. 2A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice,* ¶ 12.07 at 12–68 to 12–69 (2d ed. 1991 & Supp. 1191–92) (citing *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). If matters outside the pleadings are considered, the motion to dismiss is treated as one for summary judgment. *See Keams v. Tempe Tech. Inst., Inc.,* 110 F.3d 44, 46 (9th Cir.1997); *Anderson v. Angelone,* 86 F.3d 932, 934 (9th Cir.1996).

## IV. *ANALYSIS.*

 Pascual alleges that Defendants falsely arrested him. This type of claim is actionable under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Section 1983 therefore imposes two essential proof requirements upon a claimant: 1) that a person acting under color of state law committed the conduct at issue, and 2) that the conduct deprived the claimant of some right, privilege or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy,* 844 F.2d 628, 632–33 (9th Cir.1988).

 Defendants say that Pascual did not file his § 1983 claim for false arrest within the applicable statute of limitations. The statute of limitations period for § 1983

actions is "a State's personal injury statute of limitations." *Owens v. Okure,* 488 U.S. 235, 240–41, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Harvey v. Waldron,* 210 F.3d 1008, 1013 (9th Cir.2000) ("The length of the limitations period for § 1983 actions is governed by state law"); *Cabrera v. City of Huntington Park,* 159 F.3d 374, 379 (9th Cir.1998) ("State law determines the statute of limitations for § 1983 suits"). The statute of limitations applicable to § 1983 actions in Hawaii is Haw.Rev.Stat. § 657–7, the two-year, "general personal injury" provision.[2] *Allen v. Iranon,* 99 F.Supp.2d 1216, 1238 (D.Haw.1999) ("In Hawaii, the statute of limitations for actions under Section 1983 is two years from the date of the violation"); *Pele Defense Fund v. William Paty,* 73 Haw. 578, 595, 837 P.2d 1247, 1259 (1992) ("We hold that the two-year statute of limitations set forth in HRS § 657–7 governs § 1983 actions"), *cert. denied,* 507 U.S. 918, 113 S.Ct. 1277, 122 L.Ed.2d 671 (1993).

 Defendants say that this action, filed on October 12, 1999, is barred by the two-year statute of limitations because Pascual's claim began accruing on the date of his arrest, May 21, 1997. Although this court looks to state law to determine the applicable statute of limitations, the determination of when a cause of action begins to accrue turns on federal law. *Harvey,* 210 F.3d at 1013; *Cabrera,* 159 F.3d at 379.

Before 1994, the law in the Ninth Circuit provided that a false arrest claim began to accrue on the date of the allegedly false arrest. *See Matthews v. Macanas,* 990 F.2d 467, 469 (9th Cir.1993) ("Where false arrest or illegal search and seizure is alleged, the claim accrues from the date of the wrongful arrest"); *Venegas v. Wagner,* 704 F.2d 1144, 1146 (9th Cir.1983) ("where

---

**2.** Haw.Rev.Stat. § 657–7 states: "Actions for the recovery of compensation for damage or injury to persons or property shall be institut- ed within two years after the cause of action accrued, and not after."

false arrest or illegal search and seizure is alleged, the conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs"). In 1994, the Supreme Court held that, when allowing recovery of damages would necessarily imply the invalidity of a conviction or sentence, a § 1983 plaintiff must demonstrate that his or her conviction or sentence has been reversed, vacated, or otherwise called into doubt before that plaintiff can proceed under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In the absence of such a showing, the claim must be dismissed because it has not begun to accrue. However, if the § 1983 action for damages will not demonstrate the invalidity of the conviction or sentence, the claim accrues at the time of the event in issue, and the action should be allowed to proceed in the absence of any other bar to the suit. *Id.* at 487, 114 S.Ct. 2364.

■ The Ninth Circuit has extended the reasoning in *Heck* to a § 1983 claim for false arrest. In *Cabrera*, the plaintiff, Cabrera, was convicted of disturbing the peace. The conviction was ultimately invalidated. In Cabrera's civil suit alleging false arrest, the defendants argued that Cabrera had exceeded the one-year limitations period, measured from his arrest. The Ninth Circuit held that Cabrera's false arrest claim did not accrue until his conviction for disturbing the peace was invalidated. The court reasoned that any finding in a civil suit that the police had lacked probable cause to arrest Cabrera would necessarily have implied that Cabrera's conviction was invalid, and that the civil determination therefore had to await

conclusion of criminal proceedings. *Id.* at 380. However, *Cabrera* recognized that, to determine when the statute of limitations for a § 1983 claim of false arrest accrues, each case must be examined on its own facts. Thus, *Cabrera* recognized that, notwithstanding *Heck*, a false arrest claim could, under some circumstances, still accrue on a person's arrest. *See id.* at 380 n. 7.

The Ninth Circuit has recently addressed again the issue of when a § 1983 action accrues. Harvey was charged in 1988 with illegal possession of gaming devices. The charge was dismissed by the county on December 6, 1994, but Harvey was not notified of this dismissal until May 1995. On May 19, 1997, Harvey filed a civil action that alleged a § 1983 violation premised on an alleged intrusion on Harvey's right to be free of unreasonable searches and seizures. The district court dismissed the § 1983 claim based on Montana's three-year statute of limitations. *Harvey*, 210 F.3d at 1011–13. The Ninth Circuit reversed this part of the district court's ruling, holding that a § 1983 action seeking damages for an illegal search and seizure does not accrue until the criminal charges have been dismissed or the conviction has been overturned.[3] *Harvey*, 210 F.3d at 1015. The Ninth Circuit noted that this approach avoided the potential for inconsistent determinations on the legality of a search and seizure in the criminal and civil cases and prevented a collateral attack on a conviction through the vehicle of a civil suit. *Id.* Because Harvey filed his § 1983 claim within three years of the dismissal of the charges against him, the Ninth Circuit held that the statute of limitations did not bar Harvey's § 1983 claim.[4] *Id.* at 1016.

---

**3.** In so holding, *Harvey* extended *Heck* to apply to pending criminal charges, not just convictions and sentences. *See Harvey*, 210 F.3d at 1014.

**4.** The Ninth Circuit did not reach the issue of whether the statute began accruing in December 1994, when the charge against Harvey was dismissed, or in May 1995, when Harvey

The cause of action alleged in *Harvey*, illegal search and seizure, is similar to the false arrest claim in the present case. The court therefore finds the reasoning in *Harvey* applicable here. Both *Harvey* and *Cabrera* stand for the proposition that, when a person is charged with a crime, he or she may not bring a § 1983 claim for false arrest until the criminal case has been dismissed or otherwise overturned. However, because this proposition is premised on the relation between a false arrest and the crime in issue, each case must be examined on its own facts to determine whether such a relation indeed exists. If there is not such relation, then the false arrest claim accrues upon the arrest. For example, a § 1983 cause of action for false arrest would accrue on a person's arrest if that person had been mistakenly arrested by an officer who only had probable cause to arrest someone else who resembled the person arrested. If the person arrested happened to have been involved in the same crime and was subsequently indicted and arrested based on evidence unrelated to the wrongful arrest, that person could bring a false arrest claim during the pendency of the criminal case. In that event, the court's determination of whether the officers lacked probable cause for the initial arrest would not necessarily imply the invalidity of the criminal case against that person.

In the present case, however, the question of whether the police had probable cause to arrest Pascual goes to the heart of the criminal charges that were pending against him. Pascual argues there was no probable cause because he was not gambling. Thus, his "not guilty" plea in the criminal case is entangled with his civil false arrest claim. While the criminal charges were pending against him, Pascual could not sue or maintain an action for false arrest pursuant to § 1983. *See Heck,* 512 U.S. at 486–87, 489, 114 S.Ct. 2364. Accordingly, the court holds that Pascual's § 1983 cause of action did not accrue while the criminal charges were pending against him.[5] The court therefore denies Defendants' motion, as Defendants fail to demonstrate on the present record that more than two years elapsed between the dismissal of the charges against Pascual and the filing of this action.

## V. CONCLUSION.

Because the court finds that the statute of limitations for Pascual's false arrest claim was tolled during the pendency of the criminal case against him, the court denies the motion. This denial is without prejudice to Defendants' right to bring a subsequent motion on different grounds, including different limitations theories.

IT IS SO ORDERED.

---

was notified of that dismissal. In either event, the action was timely.

5. The court does not address in this motion whether the time between Pascual's arrest and the filing of charges against him is included in computing the running of the limitations period. That issue is beyond the scope of this motion.