

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2009

# Crawford v. Frimel

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3452

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Crawford v. Frimel" (2009). *2009 Decisions*. Paper 1083.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1083

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3452

CARL DWAYNE CRAWFORD,

Appellant

v.

EDWARD M. FRIMEL; VITO D. ROSELLI;
KEITH R. HOLDSWORTH; MICHAEL CARBONELL;
KEVIN MCSHANE; JAMES R. MELINSON

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:05-cv-00118)
District Judge: Honorable Freda Wolfson

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2009

Before: SLOVITER, AMBRO and GREENBERG, <u>Circuit Judges</u>

(Opinion filed July 02, 2009)

OPINION

PER CURIAM

Appellant Carl Dwayne Crawford, a federal prisoner, appeals the District Court's

order of March 19, 2007, denying his motions for leave to amend the complaint and for

appointment of counsel, and the District Court's order of June 26, 2007, dismissing his complaint. For the reasons that follow, we will affirm the District Court's judgment.

## I. Background

Because we write solely for the benefit of the parties, we will set forth briefly only those facts necessary to our analysis.

On January 16, 2003, two black males disguised in traditional female Muslim garb committed an armed robbery at a bank located a few blocks away from Crawford's apartment. Witnesses observed the perpetrators leave the scene in a green Chevrolet Malibu. After officers located the Malibu and established surveillance of it, Crawford was observed driving another individual, Luzerne Faulkner, to the Malibu. A bank employee identified Crawford as having inquired a few days earlier about opening an account; the employee found him suspicious because Crawford did not provide identification and was asking strange questions. Crawford was arrested by agents of the Federal Bureau of Investigation ("FBI") on suspicion of armed bank robbery.

The next day, FBI agents sought a warrant in order to search Crawford's apartment for evidence of the bank robbery, including female Muslim clothing, firearms, and bank wrappers. Magistrate Judge James Melinson issued the warrant. The search yielded a gun, illegal drugs, and drug paraphernalia. Based on the results of the search, Crawford was charged with drug and firearm-related crimes.[1]

---

[1] Crawford was tried and acquitted of the charges relating to the bank robbery.

2

At his criminal trial, Crawford sought to suppress the evidence gathered during the search of his apartment. He argued that the FBI lacked probable cause for his arrest and the search. After a hearing, the District Court denied Crawford's motion, holding that there was probable cause for both the arrest and the search. On November 5, 2004, a jury convicted Crawford. This Court upheld the conviction on direct appeal, affirming that there was probable cause for both the arrest and the search. The Supreme Court denied Crawford's petition for a writ of certiorari.

On December 24, 2004, while his direct appeal was pending, Crawford executed a pro se complaint under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against five FBI agents and Magistrate Judge Melinson, claiming that they conspired to violate his constitutional rights under the Fourth and Fourteenth Amendments. Specifically, he alleged that there was no probable cause for the arrest and the search of his apartment.[2] In addition to monetary damages, he sought immediate release from prison and expungement of his criminal record.

On August 14, 2006, Crawford filed a motion pursuant to Federal Rule of Civil Procedure 15, seeking to amend his complaint in order to add additional defendants,

---

[2] On appeal, Crawford raises what appear to be new constitutional claims, including, for example, that the Defendants violated his Equal Protection rights and employed excessive force against him. However, his Bivens complaint did not assert any of these claims and it does not appear that he raised these arguments before the District Court. Absent compelling circumstances, this Court generally declines to consider issues raised for the first time on appeal. Ross v. Hotel Employees and Restaurant Employees Int. Union, 266 F.3d 236, 242 (3d Cir. 2001).

3

including the District Court Judge who presided over his criminal trial, the Assistant United States Attorney who prosecuted him, and several more FBI agents. He also filed a motion for appointment of counsel. On March 19, 2007, the District Court denied both motions. The District Court denied appointment of counsel primarily because Crawford failed to show that his claims had arguable merit. In denying leave to amend, the District Court explained that the claims against the proposed new defendants were time-barred because they were filed more than three years after the allegedly unlawful search. The claims did not relate back to the date of the original filing because the motion to amend was submitted more than 120 days after the complaint was filed and the new defendants were not given notice that an action would be brought against them. In addition, the District Court observed that Crawford did not provide any reason why he did not identify the additional defendants at an earlier date.

Defendants moved to dismiss the complaint for failure to state a claim. On June 26, 2007, the District Court granted the defendants' motion. The District Court concluded that Crawford's challenge to the legality of the search of his apartment was barred under Heck v. Humphrey, 512 U.S. 477 (1994), and by collateral estoppel.[3]

This timely pro se appeal followed.

---

[3] The District Court did not state its reasons for dismissing the unlawful arrest claim, although Defendants had argued in their motion to dismiss that the unlawful arrest claim was also barred by Heck and collateral estoppel.

4

## II. Analysis

We first address the District Court's order dismissing Crawford's complaint. We exercise plenary review over the District Court's order. See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001).

Under Heck, a prisoner may not bring a civil rights suit if its success would render invalid a conviction that has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487; see also Lora-Pena v. F.B.I., 529 F.3d 503, 506 n.2 (3d Cir. 2008) (acknowledging that Heck applies to Bivens claims). In determining whether a Fourth Amendment claim is subject to Heck, a district court must assess whether the allegations of constitutional error necessarily imply the invalidity of the conviction or sentence. See Gibson v. Superintendent of N.J Dep't of Law and Public Safety–Div. of State Police, 411 F.3d 427, 448-49 (3d Cir. 2005), cert. denied, 547 U.S. 1035 (2006). Our review of the record confirms the District Court's determination that Crawford's claims necessarily imply the invalidity of his conviction.

The facts implicating Crawford in the bank robbery gave rise to the probable cause to arrest him on suspicion of bank robbery and to search his apartment. But for the search of his apartment, the gun, drugs, and drug paraphernalia underlying his drug conviction would not have been seized. If the seized items were to be suppressed by reason of the illegality of the search, the conviction could not stand. Indeed, Crawford expressly seeks

5

to overturn his conviction through his <u>Bivens</u> action.[4]  Because Crawford's complaint directly attacks the factual basis for his conviction, the District Court did not abuse its discretion in concluding that it is barred by <u>Heck</u>.

In addition, the District Court found the claims barred by collateral estoppel. Collateral estoppel, or issue preclusion, provides that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." <u>Jean Alexander Cosmetics v. L'Oreal USA</u>, 458 F.3d 244, 249 (3d Cir. 2006) (citing Restatement (Second) of Judgments § 27 (1982)).[5]

On appeal, Crawford argues that there was no probable cause for his arrest and the search of his apartment.  Crawford previously and unsuccessfully litigated these issues during the course of his criminal proceedings in his motion to suppress.  <u>See</u> Transcript, Jan. 6, 2004, at 38-39.  On direct appeal, Crawford again argued that there was no probable cause for the arrest and search.  Again, this Court affirmed that "[t]he record

---

[4] Such relief is not available in a civil rights action.

[5] Various courts have acknowledged that collateral estoppel may be asserted to preclude a defense to a <u>Bivens</u> claim.  <u>See</u>, <u>e.g.</u>, <u>Matthews v. Macanas</u>, 990 F.2d 467, 468 (9th Cir. 1993), <u>abrogated</u> <u>on</u> <u>other</u> <u>grounds</u> <u>as</u> <u>stated</u> <u>in</u> <u>Pascual v. Matsumura</u>, 165 F. Supp. 2d 1149, 1151 (D. Haw. 2001); <u>Scherer v. Balkema</u>, 840 F.2d 437, 443 (7th Cir. 1988); <u>see</u> <u>also</u> <u>Allen v. McCurry</u>, 449 U.S. 90, 105 (1980) (holding that collateral estoppel is a defense to a Fourth Amendment claim brought under § 1983 where the issue underlying the claim was previously litigated in a state habeas proceeding).

reveals that there was probable cause for both the arrest and the subsequent search of the apartment." United States v. Crawford, C.A. No. 04-4249 (3d Cir. Oct. 20, 2005). Thus, Crawford is precluded from pursuing the probable cause issue in his Bivens complaint.

We next examine the District Court's denial of Crawford's motions for leave to amend his complaint and for appointment of counsel. We review both decisions for abuse of discretion. See Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000); Tabron v. Grace, 6 F.3d 147, 155 n.4 (3d Cir. 1993).

In his motion to amend, Crawford sought to "add[ ] to the front of complaint/action" the names of six FBI agents whose names Crawford had previously mentioned only in the body of his complaint.[6] He also sought to add two "new additional defendants/witnesses" – specifically, District Judge McLaughlin, who had presided over Crawford's criminal trial, and Assistant United States Attorney Chun, who had represented the Government in prosecuting Crawford's criminal case.[7] Crawford did not seek to raise any additional or different legal theories against these or any defendants.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a). However,

---

[6] The FBI agents were: Marx, Pelczar, Crowley, Scanzano, Kitzinger, and Stewart.

[7] In his brief, Crawford argues that he did not include these defendants at the outset because he "unconsciously overlooked both issues that are imperative while hastily trying to file his civil rights complaint." Although Crawford initiated his Bivens action in early 2005 and did not file his motion to amend until August 2006, his explanation for the delay is that "he forgot to file this Motion because appellant had other issues occurring."

7

leave to amend need not be granted where amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). As previously discussed, Crawford's claims were properly dismissed as barred by Heck and by collateral estoppel. Adding additional defendants would have no impact upon this outcome. Thus, Crawford's requested amendment would be futile. See Dennis v. Sparks, 449 U.S. 24, 27 (1980) (explaining that judges generally have absolute immunity for the judicial actions taken in the course of judicial proceedings). The District Court did not abuse its discretion in denying Crawford leave to amend his complaint to add additional defendants.

The District Court also did not abuse its discretion in declining to appoint counsel. Crawford failed to establish the threshold Tabron consideration: that his case likely had merit. See Tabron, 6 F.3d at 155. No remaining Tabron consideration mandated a different result. See id. at 156.

Finally, Crawford has filed a motion in this Court, seeking a default judgment against Appellees for failure to submit a supplemental appendix. Such relief is not available under the federal rules. Moreover, the docket reflects that Appellees filed a supplemental appendix on January 29, 2009, and served a copy upon Crawford via mail. We will deny the motion.

### III. Conclusion

For the foregoing reasons, we will affirm the District Court's judgment.

8