FILED
United States Court of Appeals
Tenth Circuit

April 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff-Appellee,

v.

GEORGE DAVID GORDON,

Defendant-Appellant,

and

JOSHUA WAYNE LANKFORD; DEAN
JOSEPH SHEPTYCKI,

Defendants.

No. 11-5158
(D.C. No. 4:09-CV-00061-CVE-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **EBEL**, Circuit Judges.

In this civil-enforcement action brought by the Securities and Exchange

Commission (SEC), George David Gordon appeals pro se from a district court order

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

granting the SEC's motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## BACKGROUND

In January 2009 Mr. Gordon and others were indicted for operating a pump-and-dump scheme. The following month the SEC initiated this civil-enforcement action against Mr. Gordon and two of the other criminal defendants, Joshua Wayne Lankford and Dean Joseph Sheptycki, alleging violations of § 10(b) of the Securities Exchange Act of 1934 and associated Rule 10b-5, as well as §§ 5(a), 5(c), and 17(a) of the Securities Act of 1933. Ultimately, a jury found Mr. Gordon guilty in the criminal case.

The SEC moved for summary judgment, arguing that Mr. Gordon was precluded from relitigating issues decided in the criminal case and that the issues decided there were conclusive on his civil liability. The district court agreed, granted the motion, and ordered that Mr. Gordon disgorge $40,072,806.97, which was "the amount of the criminal money judgment . . . minus any amounts recovered by the government in forfeiture proceedings." R., Vol. III at 310. The award imposed joint- and-several liability on Mr. Gordon, Mr. Lankford, and Mr. Sheptycki. It also added $10,307,489.92 in prejudgment interest and imposed a $130,000 fine under 15 U.S.C. § 78u(d)(3).

Mr. Gordon now appeals from the grant of summary judgment. His criminal conviction and sentence were recently affirmed in *United States v. Gordon*, Nos. 10-5146, 11-5009, 2013 WL 1010540 (10th Cir. Mar. 15, 2013).

## DISCUSSION

We review a grant of summary judgment de novo, "viewing the evidence in the light most favorable to the nonmoving party." *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir. 2008). Summary judgment is warranted only if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Although we generally construe pro se "pleadings and filings liberally," *Lewis v. Comm'r*, 523 F.3d 1272, 1273 n.1 (10th Cir. 2008), we do not extend that same indulgence to pro se litigants who, like Mr. Gordon, are also attorneys, *Comm. on the Conduct of Attorneys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007). So long as it is fair to the appellant, "we are free to affirm a grant of summary judgment on grounds different [from] those used by the district court if the record is sufficient to support such grounds." *Peterson v. Martinez*, 707 F.3d 1197, 1209 n.4 (10th Cir. 2013) (internal quotation marks omitted).

Mr. Gordon challenges the use of issue preclusion to establish a violation of §§ 5(a) and 5(c) of the 1933 Securities Act. He points out that he was not charged in the indictment for a § 5 violation, and he argues that the criminal case did not address

- 3 -

whether sales of unregistered securities were subject to an exemption from registration.

The district court, however, did not need to rely on preclusion to grant summary judgment on those claims. "Sections 5(a) and (c) of the [1933] Securities Act, 15 U.S.C. § 77e(a), (c), make it unlawful to offer or sell a security in interstate commerce if a registration statement has not been filed as to that security, unless the transaction qualifies for an exemption from registration." *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1085 (9th Cir. 2010). It is unclear whether Mr. Gordon is admitting on appeal that the target securities at issue were unregistered. But in any event, he conceded the lack of a registration statement in his district-court memorandum in opposition to summary judgment. *See* R., Vol. III at 265 (stating that he "did sale [sic] shares of [the two target stocks] which had not been registered").

Also, to the extent that Mr. Gordon is claiming that the sales were exempt from registration, he does not clearly identify what exemption he is relying on. He asserted in his opposition to summary judgment that "Rule 144 is a safe harbor exemption but not the only exemption available to sell unregistered securities," *id.* at 265, and "that if a seller does not meet Rule 144 he may still claim any other available exemptions," *id.* at 268. But he did not contest the government's statement of undisputed fact that SEC Rule 144 was not an available exemption. And he has failed to identify any other exemption that applies. The burden of proof regarding an

applicable exemption from registration rests with the party claiming such an exemption. *See Quinn & Co. v. SEC*, 452 F.2d 943, 945-46 (10th Cir. 1971). Mr. Gordon has failed to carry his burden of showing an applicable exemption to cover his sales of unregistered securities. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are . . . inadequately presented[ ] in an appellant's opening brief.").

Mr. Gordon next argues that in his criminal case the government "devised a scheme of 'Self Help' to seize/restrain [his], and his wife's assets without a hearing and deny them the use of over $4,000,000.00 in assets they could have legally used to fund [his] defense and thereby prevent [him] from having a full and fair opportunity to litigate his criminal case." Aplt. Opening Br. at 6 (emphasis omitted). But we rejected that argument in his criminal appeal. *See Gordon*, 2013 WL 1010540, at **7-10. Consequently, Mr. Gordon is precluded from raising it again here. *See, e.g.*, *Manion v. Nagin*, 394 F.3d 1062, 1066-67 (8th Cir. 2005) (rejecting claim that plaintiff had not received a full and fair hearing for purposes of applying collateral estoppel because plaintiff's prior appeal had resolved the issue); *Matthews v. Macanas*, 990 F.2d 467, 468 (9th Cir. 1993) (issue raised in plaintiff's *Bivens* appeal was identical to issue raised in his prior criminal appeal and thus barred by collateral estoppel), *abrogated on other grounds as stated in Pascual v. Matsumura*, 165 F. Supp. 2d 1149, 1151-52 (D. Haw. 2001).

Finally, Mr. Gordon contends that the civil disgorgement award is infirm under various constitutional theories, and he objects to the award's joint-and-several character. The district court thoroughly addressed these matters, and Mr. Gordon fails to advance any persuasive argument for reversal.

## CONCLUSION

The judgment of the district court is AFFIRMED. We note that the district court granted Mr. Gordon's motion to proceed in forma pauperis on appeal, and we entered an order on December 28, 2011, assessing costs and fees. We now remind Mr. Gordon of his obligation to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court


Harris L Hartz
Circuit Judge